# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| FIMCO, INC., <br><br> Plaintiff, <br> vs. <br><br> CHAD FUNK, <br><br> Defendant. | No. C16-4109-LTS <br><br> **MEMORADUM OPINION AND ORDER ON MOTION TO TRANSFER VENUE** |

## I. INTRODUCTION

This case is before me on a motion (Doc. No. 12) to transfer venue filed by defendant Chad Funk. Plaintiff FIMCO, Inc. (FIMCO), has filed a resistance (Doc. No. 21) and Funk has filed a reply (Doc. No. 28). Neither party requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is ready for decision.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

FIMCO, an agricultural equipment sales company, is incorporated in Iowa and has its principal place of business in South Dakota. Funk, a former FIMCO employee, has been a citizen of Nebraska at all times relevant to this case.

Funk's employment with FIMCO began in September 2013. On September 16, 2013, the parties entered into a non-compete and confidentiality agreement (the Agreement). Funk signed the Agreement in Nebraska. Among other things, the Agreement requires Funk to refrain, for a period of one year following the termination of his employment, from (1) accepting employment with any entity that competes with

FIMCO within a defined geographic area and (2) soliciting the FIMCO customers with whom he worked. The Agreement contains a South Dakota choice-of-law clause but does not contain a forum-selection provision.

As a FIMCO employee, Funk called on FIMCO customers in both Iowa and Nebraska. On February 16, 2016, Funk's employment with FIMCO ended. Soon thereafter, Funk began working for Heartland Ag, a company that sells agricultural sprayers and competes directly with FIMCO. Heartland Ag is a Nebraska corporation with headquarters in Grand Island, Nebraska. As a Heartland AG employee, all of Funk's duties are performed in Nebraska and he only calls on customers located in Nebraska.

FIMCO filed this action in the Iowa District Court for Woodbury County on July 14, 2016. The state court petition (Doc. No. 3) asserts claims of breach of contract, misappropriation of trade secrets and breach of fiduciary duty. FIMCO alleges that Funk used FIMCO's confidential information in violation of the Agreement. FIMCO also alleges that Funk's employment with Heartland Ag and his contact with his previous FIMCO customers in Nebraska constitute breaches of the Agreement.

On August 17, 2016, Funk filed a notice (Doc. No. 2) of removal to this court pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction. Doc. No. 2. On August 24, 2016, Funk filed an answer (Doc. No. 5) denying FIMCO's claims and alleging various affirmative defenses. Funk then filed his present motion requesting a transfer of venue to the District of Nebraska.

### III. APPLICABLE STANDARDS

28 U.S.C. § 1404(a) provide that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The statute 'was drafted

in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n. 30 (1964) (in turn quoting Revisor's Note, H.R. Rep. No. 80–308, at A132 (1947), and H.R. Rep. No. 79–2646, at A127 (1946)). Courts must consider "three general categories of factors . . . when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, a court is not limited to those three categories and must engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*

"[F]ederal courts give considerable deference to a plaintiff's choice of forum." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 540 (8th Cir. 2009) (quoting *Terra Int'l, Inc.*, 119 F.3d at 695). The party seeking transfer bears the burden of showing that the balance of factors "strongly" favors the movant. *See K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597 (8th Cir. 2011) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")).

## IV. DISCUSSION

### A. *Is the Proposed New Venue Proper?*

Venue of an action may be transferred only to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Funk contends that FIMCO could have brought this action in the District of Nebraska. FIMCO agrees. *See* Doc. No. 21-1 at 4 n.3. However, FIMCO faults Funk for failing to "identify the division he claims would be more convenient." *Id.* at 4. Funk responds by noting that the entire state of Nebraska consists of one federal district court, which is not statutorily divided into separate divisions. *See* 28 U.S.C. § 107 ("Nebraska constitutes one judicial district.

Court shall be held at Lincoln, North Platte, and Omaha."). By contrast, for example, the Northern and Southern Districts of Iowa are statutorily divided into various divisions on a county-by-county basis. *See* 28 U.S.C. § 95. I find that Funk's request to transfer venue is as specific as possible and meets the Section 1404(a) requirements.

### B. *The "Convenience" Factors*

In balancing the convenience factor, the Court may consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 697.

#### 1. *Convenience of Parties*

Funk contends that the District of Nebraska is a more convenient forum for the parties because the complained of actions occurred in Nebraska and Funk is a Nebraska resident. FIMCO contends that the current forum, Sioux City, Iowa, is more convenient for the parties because (a) FIMCO's headquarters are located in Dakota Dunes, South Dakota, which is just across the border from Sioux City, and (b) the Sioux City courthouse is closer to Funk's own resistance than are any of the courthouses in the District of Nebraska.

I agree with FIMCO's mileage calculations and find that this factor weighs against transfer. As a matter of pure geography, the courthouse in Sioux City is more convenient for both parties.

4

### 2. *Convenience of Witnesses*

In considering the convenience of witnesses, "the Court must focus on non-party witnesses, since 'it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum.'" *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1106 (D. Minn. 2010) (quoting *Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1138 (D. Minn. 2009)). Thus, while FIMCO points out that all of its employee-witnesses work in nearby Dakota Dunes, South Dakota, that fact is of limited relevance.

As for non-party witnesses, Funk argues that they include (a) representatives of his new employer, Heartland Ag, and (b) customers with whom Funk has allegedly contacted in violation of the Agreement. Funk contends that all such witnesses reside in Nebraska and are outside this court's subpoena power.[1] FIMCO does not deny that the likely non-party witnesses reside in Nebraska but argues (a) that Heartland Ag is based in Iowa and (b) that some of the non-party witnesses reside closer to Sioux City than to any courthouse in the District of Nebraska.

In contending that Heartland Ag is based in Iowa, FIMCO relies on a Heartland Ag website indicating that the company not only sells products in Iowa but actually has its main office in Ames, Iowa. *See* Doc. No. 21-1 at 10 (citing a website located at http://heartlandagequipment.com/about/ (the First Website)). Funk responds by accusing FIMCO of citing to "a website for a legal entity distinct from Heartland Ag, Inc." Doc. No. 28 at 2. Funk further claims:

---

[1] Under the Federal Rules of Civil Procedure, a subpoena generally cannot command a person to attend a trial, hearing or deposition that is more than "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). An exception exists if the location of the trial, hearing or deposition is "within the state where the person resides, is employed, or regularly transacts business in person" and attendance would not cause the person to "incur substantial expense." Fed. R. Civ. P. 45(c)(B)(ii).

> [t]he entity cited by Plaintiff does not employ Funk and has no relevance to this case. Heartland Ag, Inc., the entity that employs Funk, maintains a different website, which clearly denotes that its headquarters are in Grand Island, Nebraska.

*Id.* (citing a website located at http://heartlandag.net/about.htm (the Second Website).

To put it mildly, comparing the two websites does not help Funk. The First Website states that the Heartland Ag operation in Grand Island, Nebraska, is a "branch office/warehouse" and indicates that the company's "main facilities are located in Ames, Iowa." The Second Website identifies the same street address and telephone numbers for the Grand Island operation that are referenced in the First Website. The design, color scheme and logos are virtually identical as between the two websites. In combination, the websites strongly suggest exactly what the First Website states: Heartland Ag is based in Ames, Iowa, and operates a "branch office/warehouse" in Grand Island, Nebraska. Funk provides no evidence supporting his contention that the Heartland Ag with whom he is employed is a "legal entity distinct from" the Heartland Ag that has its "main facilities" in Ames, Iowa. Absent such evidence, I must agree with FIMCO that Funk is employed in Nebraska by an entity based in Iowa.

This finding does not automatically tilt this factor in FIMCO's direction, as FIMCO has not identified any Heartland Ag employees based in Iowa as potential witnesses. Instead, FIMCO notes that the distance from Grand Island to Sioux City is not significantly greater than the distance from Grand Island to any courthouse in the District of Nebraska. FIMCO also states that the customers with whom Funk is alleged to have had improper contact are located closer to Sioux City than to any of the Nebraska courthouses. Doc. No. 21-1 at 9-10.

FIMCO is correct in noting that the relative distances at issue are not notably different. This District and the District of Nebraska are adjacent. Comparing travel times and distances does not tip this factor one way or the other. As Funk points out, however, the non-party Nebraska witnesses can be compelled to attend trial in the District

of Nebraska but not in this District. This is because the exception to the "100 mile" rule applies only if a witness is commanded to appear "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(B)(ii). Thus, the parties will have the opportunity to compel the appearance of non-party witnesses who reside in Nebraska at any courthouse in the District of Nebraska, but not at the courthouse in Sioux City, Iowa.

Notwithstanding this fact, Funk has failed to make a "convincing showing that the necessary witness testimony cannot be adequately presented by deposition, either read into the record from a transcript, or in the form of a videotaped deposition played for the jury." *Terra Intern., Inc.*, 922 F. Supp. at 1360-61 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992), and *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991)). Moreover, in general, a party seeking to transfer an action for convenience of the witnesses 'must specify clearly, typically by affidavit, the key witnesses to be called and their location and must make a general statement of what their testimony will cover.'" *Seneca Companies, Inc. v. Becker*, 134 F. Supp. 3d 1148, 1157 (S.D. Iowa 2015) (quoting *GreatAmerica Leasing Corp. v. Avery Air Conditioning/Heating & A-Abaca Servs., Inc.*, No. 11-CV-66-LRR, 2012 WL 443586, at *8 (N.D. Iowa Feb. 10, 2012) (in turn citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 15 Federal Practice and Procedure § 3851, at 425 (3d ed. 2007)). Funk did not satisfy this requirement.

In short, Funk makes a valid point concerning subpoena power. However, he has not shown that this issue cannot be overcome, nor has he established the need for or value of the non-party witnesses at issue. As such, I am unable to find that this factor weighs in favor of transfer.

### 3. Access to Records and Documents

Funk argues that because FIMCO's claims relate to Funk's employment with Heartland Ag, any documents related to the case would most likely be located at Heartland Ag's principal office building in Grand Island, Nebraska. FIMCO argues that the venue of this case has little impact on the parties' access to records and documents, as the parties are entitled to subpoena relevant documents from non-parties and to require that those documents be produced at any location with 100 miles from where the documents are kept. Fed. R. Civ. P. 45(c)(2)(B). I agree that the ability to obtain documents is not dependent on whether this case proceeds in Iowa or Nebraska. This factor does not weigh in favor of transfer.

### 4. *Location of the Conduct*

There is no dispute that Funk's alleged violations of the Agreement have occurred in Nebraska. While FIMCO points out that the conduct at issue occurred relatively close to the courthouse in Sioux City (in comparison to the federal courthouses in Nebraska), that is not the test. This factor weighs in favor of transfer.

### 5. *Applicable Substantive Law*

As noted above, the Agreement includes a South Dakota choice-of-law clause. Funk has presented no coherent legal argument as to why that clause will not be enforced. If, for some reason, the clause cannot be enforced, both Iowa and Nebraska apply the Restatement (Second) of Conflicts of Laws in determining what substantive state law applies. *See, e.g.*, *Bendzak v. Midland Nat'l Life Ins. Co.*, 440 F. Supp. 2d 970, 983 (S.D. Iowa 2006) ("The Iowa Supreme Court has adopted the Second Restatement of Conflicts to govern choice-of-law questions."); *Mertz v. Pharmacists Mut. Ins., Co.*, 625 N.W.2d 197, 201 (Neb. 2001) (applying the Restatement to determine what law applies regarding the enforceability of a non-compete agreement).

Under the Restatement, in an action for breach of contract the court must apply "the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." Restatement (Second) of Conflicts of Laws, § 188(1). This includes consideration of the following contacts:

    (a)    the place of contracting,
    (b)    the place of negotiation of the contract,
    (c)    the place of performance,
    (d)    the location of the subject matter of the contract, and
    (e)    the domicil, residence, nationality, place of incorporation and place of business of the parties.

*Id.*, § 188(2).

Under this "most significant relationship" test, I find that Nebraska law would almost surely apply in the absence of the South Dakota choice-of-law provision. It is virtually impossible to conclude, based on the existing record, that Iowa law might somehow apply. Thus, while it seems highly probable that this dispute will be governed by South Dakota law, Nebraska law is the next-most-likely choice. This factor, then, weighs slightly in favor of transfer to the District of Nebraska.

### C.    *The "Interests of Justice" Factors*

Relevant factors affecting the "interests of justice" include:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgement, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l*, 119 F.3d at 696.

### 1. *Judicial Economy*

This factor is neutral. This case is at an early stage. Any discovery conducted to date will be applicable to the claims and defenses at issue regardless of which federal judicial district serves as the forum.[2]

### 2. *Plaintiff's Choice of Forum*

This factor weighs against transfer. As noted earlier, "federal courts give considerable deference to a plaintiff's choice of forum." *Fru-Con Const. Corp.*, 574 F.3d at 540. Of course, this court was not the plaintiff's "choice of forum," as FIMCO commenced this action in an Iowa state court. Funk, by exercising his statutory right to remove this case to this court, has already (properly) interfered with FIMCO's chosen forum. Nonetheless, the fact that FIMCO selected an Iowa forum, rather than a Nebraska one, is entitled to deference.

### 3. *Comparative Litigation Costs*

This factor is neutral. Neither party suggests that the costs of litigating this case in the adjacent District of Nebraska would be meaningfully different than they will be in this District.

### 4. *Ability to Enforce a Judgment*

This factor is neutral, as the judgment of one federal district court may be registered and enforced in a different judicial district with the same force. *See* 28 U.S.C. § 1963.

---

[2] In his reply, Funk notes that this District has a heavy docket and suggests that the District of Nebraska is "more able to absorb this case." Doc. No. 28 at 3. While it is true that this District is currently experiencing a high caseload per judge, Funk provides no information about the caseload in the District of Nebraska.

### 5. *Obstacles to Fair Trial*

This factor is neutral. Neither party suggests that a fair trial will not occur in either forum.

### 6. *Conflict of Law Issues and the Advantages of Having a Local Court Determine Questions of Local Law.*

As set forth in Section IV(B)(V), it appears that South Dakota law will govern this dispute in light of the Agreement's choice-of-law clause. The federal courts of Iowa and Nebraska are equally capable of construing and applying South Dakota law. If the choice-of-law clause does not control, for some reason, then it is likely that Nebraska law will apply under the Restatement's "most significant relationship" test. Because there appears to be no viable argument, at least at this stage of the case, for invalidating the Agreement's selection of South Dakota law, this factor weighs slightly in favor of transfer.

## D. *Summary*

The party seeking transfer bears the burden of showing that the balance of factors "strongly" favors the movant. *K-V Pharm. Co.,* 648 F.3d at 597. Funk has not come close to making such a showing. Most of the relevant factors are neutral, which is hardly surprising when comparing adjacent federal judicial districts. While a few factors weigh in favor of transfer, others weigh against transfer. Ultimately, the current venue of this action is not only within Funk's former sales territory for FIMCO, but it is the federal court point that is closest to both FIMCO's headquarters and Funk's residence. Under these circumstances, FIMCO's choice of an Iowa forum will not be disturbed.

## V. CONCLUSION

For the reasons set forth herein, plaintiff Chad Funk's motion (Doc. No. 12) to transfer venue is **denied**.

**IT IS SO ORDERED.**

**DATED** this 5th day of December, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE